IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael David Turner, | ) | C/A No. 0:17-1685-PMD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Warden, FCI Estill, *Joyner*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Michael David Turner, a self-represented prisoner confined at Federal Correctional Institution Estill, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Petitioner indicates he was convicted of federal drug and firearm offenses in the United States District Court for the Eastern District of Virginia in 2008. In 2010 he filed a motion pursuant to 28 U.S.C. § 2255 in that district, raising claims that his trial counsel was ineffective. Petitioner indicates he filed another motion in the same district in 2016 based on Johnson v. United States, 135 S. Ct. 2551 (2015), that is still pending. He now brings this action pursuant to 28 U.S.C. § 2241

alleging his designation as a career offender is erroneous based on a incorrect understanding of the term "crime of violence."[1]

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the

---

[1] In the section of his Petition designated for Petitioner's grounds for relief, Petitioner twice placed the following language in brackets, "See Memorandum to be filed within 10 business days from application." There is no memorandum on the docket and it has been more than ten business days from the date he filed the Petition. It appears Petitioner intended to file a memorandum of law outlining his legal basis for the Petition, but the court has not received it. Accordingly, the court assumes Plaintiff seeks to argue that his status as a career offender renders his sentence unconstitutional pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and its progeny, particularly United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) (explaining how to evaluate whether a prior conviction is included within an offense defined in the career offender enhancement under the United States Sentencing Guidelines).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 habeas motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Rice, 617 F.3d at 807, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district

court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an ACCA sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, Petitioner does not clearly explain the basis for which he seeks relief, however, it appears he is attacking the validity of his sentence based on the interpretation of the term "crime of violence" as it is used in the United States Sentencing Guidelines.[3] But, even if the court could invalidate Petitioner's sentence, it would not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he would be unable to satisfy 28 U.S.C. § 2255's savings clause to seek relief under § 2241.

Because Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence, Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fourth Circuit. See § 2255(h). Therefore, this case should be dismissed because this court lacks jurisdiction over the Petition. See Rice, 617 F.3d at 807.

---

[3] But see Beckles v. United States, 137 S. Ct. 886 (2017) (holding the residual clause in § 4B1.2 of the United States Sentencing Guidelines is not subject to vagueness challenges under the Due Process Clause).

*PJG*

**III.     Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
August 11, 2017                                        Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).